14-IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-15-83-D |
| ) | |
| THOMAS BIERD, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On April 13, 2016, Defendant Thomas Bierd was sentenced to probation and ordered to pay $181,763.00 in restitution to the Citizen Potawatomi Nation. *See* Judgment in a Criminal Case [Doc. No. 40]. The restitution obligation was ordered to be joint and several with Kristi Bias, who had previously been sentenced in a separate case. *See United States v. Bias,* CR-14-317-SLP, Judgment in a Criminal Case (Oct. 9, 2015) [Doc. No. 22].[1] Ms. Bias was ordered to pay $251,018.35 in restitution, with $181,763.00 of this amount joint and several with Mr. Bierd.

On September 16, 2021, the Court entered an Order [Doc. No. 47] finding that Mr. Bierd overpaid $14,799.10 in restitution and directing the Clerk of Court to refund the sum to Mr. Bierd as soon as possible. This finding was based on an audit of Mr. Bierd's restitution payments conducted by the Clerk of Court which showed that Mr. Bierd had not been given credit for certain payments made by Ms. Bias.

---

[1] At the time of sentencing, both cases were assigned to the Honorable Vicki Miles-LaGrange. The cases were reassigned after Judge Miles-LaGrange took senior status.

1

Now pending before the Court is Plaintiff's Motion for Court to Reconsider its Sua Sponte Order [Doc. No. 49]. In the motion, the United States argues that Mr. Bierd has not made an overpayment because he is jointly and severally liable for the entire $181,763.00 restitution amount and any payments made by Ms. Bias were appropriately credited to the restitution amount that she owes separately.

The Mandatory Victims' Restitution Act ("MVRA"), 18 U.S.C. § 3663A, requires federal courts to award restitution to victims in certain situations. Pursuant to this Act, courts are authorized to "make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants." *Id*. at § 3664(h). Thus, "the MVRA permits the Government to hold any individual defendant liable for as much as the court ordered as to that defendant, but the government may not collect more from all defendants together than will make the victim whole." *United States v. Sheets*, 814 F.3d 256, 261 (5th Cir. 2016). Further, pursuant to 18 U.S.C. § 3771(a)(6), crime victims have the "right to full and timely restitution as provided by law."

Upon reviewing the government's motion and pertinent records in this case, the Court determines that its prior order of September 16, 2021 was entered in error. Mr. Bierd and Ms. Bias are jointly and severally liable for restitution in the amount of $181,763.00, and Ms. Bias is responsible for a total of $251,018.35 in restitution. Put another way, each Defendant is responsible for a total of $181,763.00 in restitution until that amount is paid in full, and Ms. Bias is individually responsible for the additional amount up to $251,018.35. Mr. Bierd's payment of $181,763.00 satisfies his restitution obligation in full and he has not made an overpayment because, even though Ms. Bias has made some

restitution payments, the victim has not yet been fully compensated for its total restitution of $251,018.35.

Accordingly, the Court's Order dated September 16, 2021 [Doc. No. 47] is VACATED.

**IT IS SO ORDERED** this 10th day of January, 2022.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge